[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On August 14, 2001 this Court presided over a trial in the matter of Inre Xavier M. Although properly notified of the court date, respondent father was not present.
The testimony and exhibits introduced at this hearing provided the following procedural history. Xavier M was born on August 1999. The child, significantly premature, suffered from a plethora of health problems that had been aggravated by mother's drug ingestion during pregnancy. Because his mother had ingested cocaine shortly before labor, the child also experienced drug withdrawal symptoms.
On December 3, 1999 the Superior Court for Juvenile Matters entered an order of temporary custody. The child has remained in foster care since that date. On July 19, 2001 the Department of Children and Families (the department) filed a petition for termination of parental rights. Respondent mother has consented to this termination. Respondent father has not been identified. The bases for the termination of father's rights are abandonment and lack of on going parent — child relationship.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated April 6, 2001.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
A: There is clear and convincing evidence that the department has made reasonable efforts to locate respondent father, whose identity is unknown.
The department was diligent in its attempt to locate this parent. Unfortunately these efforts were unsuccessful. The identity of the child's' father has never been established.
B. There is clear and convincing evidence that the department has made reasonable efforts to reunify the child with his parents. CT Page 11878
In the present case, the department made reasonable efforts. Because the father has abandoned his child and has not made himself available to the court, the department or counsel, the efforts were not successful.
C. There is clear and convincing evidence that the following has existed:
 (1) The child has been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The actions of the parents were such that there is no parent — child relationship at the present time.
D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The department was immediately available for this family, offering services in a variety of areas. Because the child's father remains unknown, the department could not extend him any services.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Respondent father has never contacted either the court or the department. He never sought visitation with his child; he never inquired about the welfare of the child. In summary, he has ceased to acknowledge their child's existence. Furthermore, he failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physical care, custody and control of the child with whom the child has developed significant emotional ties.
The child was an infant when he entered foster care placement. Since this arrangement there has never had any contact with either biological parent.
Neither parent has ever contacted the department to inquire about Xavier's welfare. Neither has provided financial support. Neither has CT Page 11879 offered resources to the child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
The child has a loving relationship with his current foster parents.
4. Age of the Children
Xavier is nearly two years old.
 5. Father's efforts to adjust his circumstances to make it in the best interests of the child to return home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
This parent has made no effort to accommodate the needs of this child. He never contacted the foster family.
 6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the child. They merely chose not to exercise this right.
 7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The department has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of the child.
The statutory parent for Xavier M shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
Julia DiCocco Dewey, Judge